UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHANGHAI HONG LI SHIPPING CO. LTD.,

           Plaintiff,

- against -

J-RUI LUCKY SHIPPING (HK) CO. LIMITED,

           Defendant.
------------------------------------------------------------X

JUDGE KAPLAN

07 CIV 6093

RECEIVED
JUN 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, SHANGHAI HONG LI SHIPPING CO. LTD. ("Shanghai" or "Plaintiff") by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, J-RUI LUCKY SHIPPING (HK) CO. LIMITED, ("J-Rui" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the law of the People's Republic of China.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity organized and existing under the law of the Hong Kong Special Administrative Region of China.

4. At all material times, Defendant was the Owner of the ocean-going vessel "CHENG HO."

5. Plaintiff assisted the Defendant in entering into a charter party in August 2005 with Charterers, Dalian Rui Hang Commercial and Trading Co. Ltd.

6. Pursuant to a Supplemental Agreement dated August 29, 2005, referencing the above charter party between Defendant and Dalian Rui, Defendant agreed to pay Plaintiff freight in the amount of $20,000.00 plus a commission of 2.5% on $125,000.00.

7. Pursuant to the Supplemental Agreement, Plaintiff guaranteed the floating crane rental would not cost more than RMB 45,000.00 in reference to the above charter party between Defendant and Dalian Rui. Furthermore, Plaintiff agreed to pay all costs in excess of RMB 45,000 in relation to the floating crane rental.

8. Certain disputes arose between parties relating to the Defendant's failure to pay the freight and commission due and owing under the Supplemental Agreement.

9. Despite due demand, Defendant has failed and/or refused to pay the amounts due to Plaintiff in the present sum of $23,125.00.

10. As a result, Plaintiff is preparing to initiate suit on its claims in Hong Kong.

11. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in Hong Kong. As best as can now be estimated, Plaintiff expects to recover the following amounts in pursuant to the final judgment and Award of Costs

| | | |
|---|---|---|
| A. | Principal claim: | $23,125.00 |
| B. | Interest on claims:<br>2 years at 6.5%, compounded quarterly | $3,182.90 |
| C. | Attorneys' fees and costs/expenses: | $10,000.00 |
| **Total** | | **$36,307.90** |

12. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

13. The Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That pursuant to 9 U.S.C. §§ 201 et. seq. this Court recognize and confirm any judgment rendered on the claims had herein as a Judgment of this Court;

C. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of $36,307.90 calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D. That this Court retain jurisdiction over this matter through the entry of any

judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  E  That this Court award Plaintiff its attorneys' fees and costs of this action; and

  F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: June 28, 2007
   New York, NY

        The Plaintiff,
        SHANGHAI HONG LI SHIPPING CO. LTD.

        By: _____
        Patrick F. Lennon (PL 2162)
        Nancy R. Peterson (NP 2871)
        LENNON, MURPHY & LENNON, LLC
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax

## ATTORNEY'S VERIFICATION

State of Connecticut )
) ss.: Southport
County of Fairfield )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   June 28, 2007
         Southport, CT

_____
Nancy R. Peterson